UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY L. NIBLACK, | : |
| | : Civil Action No. 16-504 (JMV) |
| Plaintiff, | : |
| v. | : **OPINION** |
| RUTGERS UNIVERSITY, et al., | : |
| Defendants. | : |

This matter is presently before the Court upon Plaintiff's Motion to Remand. (Motion to Remand, ECF No. 5) ("Motion"). The Court has read the submissions of the parties and considers this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's Motion will be DENIED without prejudice.

I. BACKGROUND

Plaintiff Stanley L. Niblack filed a civil rights Complaint asserting that his constitutional rights were violated by Defendants due to their failure to maintain accurate medical records. This case was originally filed in state court, and Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441, based on federal question jurisdiction. (Notice of Removal, ECF No. 1). On or about February 26, 2016, Plaintiff filed the instant Motion seeking to remand this matter to state court.

In the Motion, Plaintiff asserts two grounds for remand. First, Plaintiff asserts that removal was improper because the instant matter does not present a federal question cognizable before this Court. Second, Plaintiff asserts that removal was improper because not all Defendants consented to removal to this Court.

Defendants oppose remand and argue that because the Complaint asserts a deliberate indifference claim under 42 U.S.C. § 1983, the Eighth Amendment of the United States Constitution is implicated, and Plaintiff has asserted a federal constitutional claim. Indeed, the "Introduction" section of Plaintiff's Complaint alleges "inaccurate medical records in violation of the New Jersey Constitution, *United States Constitution* . . . ." (Not. of Removal 8, Ex. A - Compl., ECF No. 1) (emphasis added); *see also, e.g.* (*id.* at 11, 12). Defendants also argue that there was no defect in the removal procedure because the defendants who had not yet been served at the time of removal were not required to consent, and all other consent requirements were satisfied as to the remaining defendants.

In an Order dated June 6, 2016, this Court issued an Order noting that it appeared Plaintiff was willing to disavow any federal claims in the Complaint. (ECF No. 10). The Court further noted that if all federal claims were dismissed from the Complaint, this Court would be inclined to grant Plaintiff's motion and remand the case to state court by declining supplemental jurisdiction over the state law claims, even if the original removal was proper. *See City of Pittsburgh Comm'n on Human Relations v. Key Bank USA,* 163 F. App'x 163, 166 (3d Cir. 2006) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

Plaintiff was required to file a written response to the Court within forty-five days indicating whether he consented to the dismissal, with prejudice, of any and all federal claims in

the Complaint. As of the date of this Opinion and accompanying Order, Plaintiff has failed to respond. Accordingly, the Motion will be addressed on its merits.

## II.     DISCUSSION

Section 1441 of United States Code title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In this case, the Complaint clearly invokes the United States Constitution, 42 U.S.C. § 1983, and several other federal statutes. (Not. of Removal 8, 9, 11, 12, Ex. A - Compl., ECF No. 1). Therefore, this Court has original jurisdiction to consider those claims, *see* 28 U.S.C. § 1331, and has supplemental jurisdiction to consider his related state-law claims, *see* 28 U.S.C. § 1367. Accordingly, removal was proper under 28 U.S.C. § 1441. Further, Plaintiff offers no evidence to support his contention that Defendants Gonzalez, Powell, Woodward and Lanigan have been served. Because all properly served defendants have consented to removal, removal was appropriate under 28 U.S.C. § 1446(b). Accordingly, remand is not required at this time. *See Collura v. City of Philadelphia*, 590 F. App'x 180, 184 (3d Cir. 2014); *Green v. America Online (AOL),* 318 F.3d 465, 470 (3d Cir. 2003). Plaintiff's motion will be denied without prejudice.

To the extent Plaintiff seeks to renew his motion[1], he may submit a written statement to the Court within thirty (30) days that clearly and unequivocally indicates his intention to abandon his federal claims.

---

[1] The Court notes that any subsequent motion which complies with the terms of this Opinion and accompanying Order — and which specifically includes a written statement confirming that Plaintiff waives his federal claims — would seek remand on the basis of lack of subject matter jurisdiction. Therefore, such a motion would not be subject to the time requirements of 28 U.S.C. § 1447(c).

III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (ECF No. 5) is DENIED without prejudice.

An appropriate Order follows.

s/ John Michael Vazquez<br>JOHN MICHAEL VAZQUEZ<br>United States District Judge

Date: 08/17/2016