NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| STANLEY L. NIBLACK, | |
| Plaintiff, | Civil Action No. 16-504 (JMV) |
| v. | **MEMORANDUM AND ORDER** |
| RUTGERS UNIVERSITY, *et al.*, | |
| Defendants. | |

This matter comes before the Court upon Plaintiff's motions for appointment of pro bono counsel in this prisoner civil rights action. (ECF Nos. 26, 44.) Plaintiff filed this civil rights action in Hudson County Superior Court in New Jersey on December 14, 2015. (ECF No. 1 at 8-13.) Defendants removed the action to this Court on January 28, 2016. (ECF No. 1 at 1-5.) Discovery is ongoing. (ECF No. 43.)

In support of his motion to appoint pro bono counsel, Plaintiff asserts that he has a medical issue, trigger finger, which makes it difficult for him to write or type legal documents, and he has received medical advice not to write or type. (ECF No. 44-2 at 1.) Plaintiff further asserts that he has insufficient time in the law library, and he has a difficult time obtaining legal copies and sending legal mail. (*Id.* at 5.) Plaintiff also states that he cannot afford counsel or the expert witnesses that will be necessary in this action. (*Id.*)

A district court may appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). In deciding whether to grant a request for appointment of counsel, courts should

begin by determining whether the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993).

The gravamen of Plaintiff's complaint is that there are inaccuracies in his prison medical records. (Compl., ECF No. 1 at 8-13.) Plaintiff asserts he has a constitutional right, under the United States Constitution, the New Jersey Constitution, and the New Jersey Civil Rights Act, to have accurate information placed into his medical records. (*Id.* at 11, ¶32.)

Prisoners have a constitutional right under the Eighth Amendment of the United States Constitution to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' *Gregg v. Georgia*, [428 U.S. 153,] 173 [(1976)] ((joint opinion), proscribed by the Eighth Amendment." *Id.* at 104. Deliberate indifference can be shown where "the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-5 (footnotes omitted). Medical malpractice is not a constitutional violation. *Id.* at 105-6. "The [New Jersey Civil Rights Act] is interpreted as analogous to § 1983." *Szemple v. Correctional Medical Services, Inc.*, 493 F. App'x 238, 241 2012 (3d Cir. 2012) (citations omitted).

The Court finds that the Complaint does not have sufficient arguable merit in law to merit the appointment of counsel. Therefore, the Court denies Plaintiff's motions to appoint pro bono counsel. The Court notes that Plaintiff's motion for leave to file an amended complaint is pending. (ECF No. 45.) Therefore, the motions for appointment of pro bono counsel are denied without prejudice.

**IT IS** therefore on this 19th day of June, 2017,

**ORDERED** that Plaintiff's motions to appoint pro bono counsel (ECF Nos. 26, 44) are DENIED without prejudice; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Court