NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| STANLEY L. NIBLACK, | |
| Plaintiff, | Civil Action No. 16-504 (JMV) |
| v. | **OPINION** |
| RUTGERS UNIVERSITY, *et al.*, | |
| Defendants. | |

Plaintiff filed this civil rights action in Hudson County Superior Court in New Jersey on December 14, 2015. (ECF No. 1 at 8-13.) Defendants removed the action to this Court on January 28, 2016 (ECF No. 1 at 1-5), and filed an answer on February 4, 2016. (ECF No. 3.) Discovery commenced. (ECF No. 43.) This matter comes before the Court upon Plaintiff's motion for leave to file an amended complaint (ECF No. 45), and Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, because he seeks assistance with service on additional defendants. (ECF No. 41.) For the reasons discussed below, the Court denies Plaintiff's IFP application, dismisses the § 1983 claims with prejudice pursuant to 42 U.S.C. § 1997e(c)(1), denies the motion for leave to file an amended complaint, and remands the State law claims to State court.

I.  *IN FORMA PAUPERIS* APPLICATION

On May 17, 2017, Plaintiff filed an application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (ECF No. 41.) 28 U.S.C. § 1915(g) provides:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

> United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has at least three prior matters that bring him within the strictures of Section 1915(g), and he has not alleged that he is in under imminent danger of serious injury. *See Niblack v. Osterbye*, Civ. No. 97-1529 (MLC) (D.N.J.); *Niblack v. Miller*, Civ. No. 97-1530 (MLC) (D.N.J.); *Niblack v. Osterbye*, Civ. No. 98-3083(MLC). The Court therefore denies Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915.

II. SCREENING THE COMPLAINT

   A. <u>42 U.S.C. § 1997e(c)(1)</u>

Plaintiff's complaint is subject to screening pursuant to 42 U.S.C. § 1997e(c)(1), which provides:

> (c) Dismissal
>
> (1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, *or other correctional facility* if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

(emphasis added). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n. 11 (3d Cir. 2002) ( noting that the screening provision of § 1997e(c)(1) is applicable "throughout the entire litigation process.")

Plaintiff asserts he has a constitutional right, under the United States Constitution, the New Jersey Constitution, and the New Jersey Civil Rights Act, to have accurate information in his medical records. (*Id.* at 11, ¶32.) Plaintiff brings this action under 42 U.S.C. § 1983, alleging the

defendants violated his Eighth Amendment right to adequate medical care, and he asserts supplemental state law claims. (*Id.*, ¶1.) The medical treatment a prisoner receives is a "condition of confinement." *See e.g. Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754 (3d Cir. 1979). Therefore, the court must screen the complaint pursuant to 42 U.S.C. § 1997e(c)(1).

C. The Complaint

Plaintiff alleges he was not given a physical examination "for the assessment center/halfway house application" on August 22, 2013 or January 9, 2013, as noted in his medical records by Dr. Joseph Bentivegna. (ECF No. 1, ¶¶20, 21.) Furthermore, Plaintiff contests Dr. Bentivegna's statement that Plaintiff did not have work limitations, because Dr. Bentivegna had entered work restrictions in Plaintiff's files prior to making this statement. (*Id.*, ¶22.)

Plaintiff further alleges Dr. Beverly Timmons conducted a medication spot check on him for trazadone on April 3, 2014, but she failed to record this spot check in Plaintiff's medical records. (*Id.*, ¶¶ 23, 24.) Plaintiff complained, to no avail, about these inaccuracies in his medical records to the following defendants: John Powell, Ralph Woodward, Gary M. Lanigan, Dr. Jeffrey Dickert, Dr. Arthur Brewer, Robert Barchi, Margaret Reed, and Cindy Romano. (*Id.*, ¶26.) Plaintiff alleges the defendants failed to keep accurate medical records, and failed to correct inaccurate medical records, in violation of the United States and New Jersey Constitutions; New Jersey Civil Rights Act of 2004, §§ 10:6-1, 10:6-2; and New Jersey Administrative Code 10A. (*Id.*, ¶¶1-2, 27-40.)

D. Analysis

Prisoners have a constitutional right under the Eighth Amendment of the United States Constitution to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton

3

infliction of pain,' *Gregg v. Georgia*, [428 U.S. 153,] 173 [(1976)] ((joint opinion), proscribed by the Eighth Amendment." *Id.* at 104. Medical malpractice is not a constitutional violation. *Id.* at 105-6. Deliberate indifference can be demonstrated "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993)).

Here, Plaintiff does not complain about the care he received; he complains of the information recorded in his medical records by his treating providers. Specifically, he alleges he did not have a physical examination in connection with his halfway house application, and his physician(s) failed to note that he had work limitations that had been recorded in earlier records. These allegations do not demonstrate that Plaintiff had a serious medical need, and that the defendants were deliberately indifferent to that need by refusing to provide treatment, delaying treatment for non-medical reasons, or that they prevented him from receiving needed treatment. Thus, the Court dismisses the § 1983 claims in the complaint pursuant to 42 U.S.C. § 1997e(c)(1) because Plaintiff fails to state an Eighth Amendment claim.

III.   MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

In the proposed amended complaint, Plaintiff alleges "as a result of defendants failure to keep and maintain accurate medical records plaintiff was placed at serious risk of harm or injury in violation of the Eighth and Fourteenth Amendments of the United States Constitution, New Jersey Constitution and laws thereof further violated." (ECF No. 45-3, ¶30.) In addition to the allegations alleged in the original complaint, Plaintiff adds that Dr. Jeffrey Pomerantz did not conduct a physical examination of Plaintiff in July or August 2015, as is stated in the medical

records. (*Id.*, ¶25.) Further, according to Plaintiff, Dr. Pomerantz falsely stated that Plaintiff did not have work limitations. (*Id.*) Plaintiff alleges that on June 28, 2016, Dr. Lisa Renee Mills informed Plaintiff that he may have carpal tunnel in his fingers, and therefore he should not write or type, but she did not document this limitation in his medical records. (*Id.*, ¶26.) In January 2017, Dr. Jennifer Farestad did not conduct a physical examination for Plaintiff's halfway house placement, and she falsely stated that Plaintiff had no work limitations although she was aware that he did. (*Id.*, ¶27.) Plaintiff alleges the defendants cut costs by not conducting office visits and physical examinations prior to community release placement. (*Id.*, ¶36.)

Leave to amend a complaint should be freely given as justice requires. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006). Denial of leave to amend is justified when the amended complaint fails to state a claim upon which relief may be granted. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted).

The only medical condition Plaintiff has identified is the possibility of carpal tunnel in his fingers. The only deficiency in treatment he complains of is failure to conduct a physical examination for halfway house assessment and failure to put a work limitation (for not writing or typing) in his medical records. Plaintiff has not identified a serious medical need or deliberate indifference to that need. Even if carpal tunnel in the fingers is considered a serious medical need, Plaintiff has not alleged he was not provided treatment, only that a work limitation was not placed in his record. This amounts to no more than Plaintiff's disagreement with his physicians' medical opinion. "Disagreements over medical judgment or treatment cannot form the basis of an Eighth Amendment claim." *Quinn v. Palakovich*, 204 F. App'x 116, 119 (3d Cir. 2006) (citing *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990)). Therefore, Plaintiff has not cured the deficiencies in his § 1983 claims. Amendment of the § 1983 claims is futile because failure to provide a

5

physical examination in connection with halfway house placement does not constitute cosntitutional denial of a serious medical need. Therefore, dismissal of the § 1983 claims is with prejudice. Because the complaint contains only state law claims, the Court declines to exercise supplemental jurisdiction over the state law claims, and the Court will remand the case back to state court. *See Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) (once a court determines that a complaint fails to state a federal claim, the district court has discretion to decide whether to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367) (citing 13D C. Wright, A. Miller, E. Cooper, & R. Freer, Federal Practice and Procedure § 3567.3, pp. 428–432 (3d ed. 2008)).

III. CONCLUSION

For the reasons discussed above, (1) the Court denies Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) dismisses the § 1983 claims pursuant to 42 U.S.C. § 1997e(c)(1) for failure to state a claim upon which relief may be granted, (3) denies Plaintiff's motion for leave to file an amended complaint; and (4) declines to exercise supplemental jurisdiction over Plaintiff's state law claims and remands the matter to State court  An appropriate Order accompanies this Opinion.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Court
